ASPINALL, Plaintiff in Error, *vs.* JONES et al., Defendants in Error.

1. Where a debtor fraudulently transfers his stock in trade, the course for the creditor to pursue is, not to sue the transferee on his demand, but to levy upon the property under an execution or attachment against the original debtor.

2. Where A. and B. assign a lease by way of mortgage to secure a creditor, and afterwards, by a fraudulent combination with C. to defraud the creditor, suffer the lease to be forfeited, and C. takes a new lease, the latter will be held a trustee for the benefit of the creditor.

*Error to St. Louis Court of Common Pleas.*

*T. T. Gantt,* for plaintiff in error. There was evidence tending to show fraud on the part of Jones which should have gone to the jury.

*Todd & Krum,* for defendants in error. There was no evidence of any fraud or collusion on the part of Jones. He

had a right to accept a new lease, even though he had notice of the sub-lease from Morgan and Van to plaintiff. The forfeiture of the original lease to Morgan and Van necessarily terminated the sub-lease to plaintiff.

Scott, Judge, delivered the opinion of the court.

This was a suit under the code, the petition in which alleges that Morgan & Van, who were partners, borrowed from Aspinall, the plaintiff, the sum of fifteen hundred dollars, for the payment of which they executed their promissory note. That Jones was in the employ of Morgan & Van, and was active in procuring the said loan for his employers. To secure the repayment of the loan, Morgan & Van executed, by way of assignment, a sub-lease to the plaintiff of certain leasehold premises which they held from Carrière, Papin and others. This lease, in its terms, was subject to forfeiture for non-payment of the rent, which became due monthly. The note executed by Morgan & Van was dated January 15, 1850, and was payable ninety days after date. Jones, though no party to the note or to the lease, was active in procuring the loan; he was present when Morgan & Van refused to deliver up the original lease to the plaintiff, saying, they wished to put it upon record. That the lease never was recorded, but was fraudulently withheld from record by Morgan, Van and Jones; that on the day the note became due, the original lease was fraudulently surrendered to the lessors, and a new lease, on the same terms as those of the original lease, was executed to Jones for the unexpired term; that, at the same time, Jones, by a pretended sale, contrived to defraud the creditors of Morgan & Van; took from them their stock in trade, the only consideration for which was his coöperation in their scheme to defraud their creditors; that Morgan & Van obtained the loan with a fraudulent intent, and that Jones was an active participant in all their measures, and was fully aware of the existence of the sub-lease to the plaintiff, and that a show of a surrender was made, instead of taking an

assignment of the lease from Morgan & Van, to cover the fraud that was practiced on the plaintiff; that Jones was a partner of Morgan & Van.

The defendants, Morgan & Van, suffered judgment by default on notice by publication. Jones answered, denying that he was more than clerk for Morgan & Van at the time of the transaction; that he did nothing but as clerk, and received no part of the money borrowed; that he was no party nor privy to any contrivance to defraud the plaintiff; that he was no partner of Morgan & Van; that after the lease was duly forfeited for non-payment of rent, according to its terms, he took a lease for the unexpired term, on his own account. There was a denial of all design to cheat or defraud Aspinall, but no specific answer relative to the charge of a fraudulent conveyance of their stock in trade by Morgan & Van to Jones, to hinder and delay their creditors.

Upon the trial by a jury, it was shown that the negotiation preceding the loan took place as stated in the petition; that Jones was present and privy to all that was done on that occasion. He was then a clerk of Morgan & Van. That the lease to Morgan & Van was consequent upon conversations with Jones. One of the lessors had a conversation with Jones, and Jones informed him that Morgan & Van were not able to pay the rent and offered to take a lease of the property. In consequence of this information, the rent was demanded and the lease forfeited. Jones was tenant at the time, and along with Morgan & Van endorsed on the notice of forfeiture a writing, expressive of their willingness to yield up possession of the leasehold premises. One of the lessors had a faint recollection that, before the forfeiture, Jones said something about a mortgage of the premises, when he replied to Jones that Morgan & Van had no right to make it, and he should not assent to it. He was determined to keep Aspinall out, and for that purpose took advice of a lawyer, as soon as he heard of Aspinall's claim. He was determined that neither Aspinall nor any one else should be between him and his tenants. So soon as he heard that Morgan

Aspinall *v.* Jones et al.

& Van would not pay the rent, he determined to take steps to produce a forfeiture. Jones was in the house of Morgan & Van when they did business on Second street, and was afterwards with them in the leasehold buildings on Main street. After Morgan & Van left in April, 1850, Jones remained in possession and as proprietor of the store and stock. After Jones obtained the lease, he said that he had offered Aspinall $3,400 a year for it, but that he asked $3,600. No improper conduct was imputed to the lessors in exacting a forfeiture of the original lease, or in granting a lease to Jones.

Upon the case as made, the court instructed the jury that, upon the evidence in this case, the plaintiff is not entitled to recover in this action, or have the relief prayed for against Chas. G. Jones, one of the defendants.

Upon this the plaintiff submitted to a non-suit, and has brought the case to this court.

1. There is nothing shown in the cause which makes Jones liable as a party to the loan obtained from Aspinall. His mere assistance as a negotiator for Morgan & Van surely would not make him a debtor. Indeed, the form of the security taken is conclusive on this question. Morgan & Van executed the note given for the money borrowed. Had Jones been regarded as a party to the transaction, his signature to the security would have been required. There is not the least evidence in support of the allegation in the petition, that Jones was a partner of Morgan & Van. Even if it was true that Morgan & Van made a fraudulent assignment of their stock in trade to Jones, that would not authorize a judgment against him for the original debt. The transfer being in fraud of creditors, the course to have been pursued would have beeen an attachment, or a levy and sale of the property by execution on a judgment first obtained against Morgan & Van.

2. The question presented by the evidence and pleadings is, whether Jones obtained the lease he now holds under such circumstances as rendered the transaction fraudulent and void as to Aspinall, who held a sub-lease, by way of mortgage, on the

premises. Whether, as Jones was in possession, he was a secret assignee of Morgan & Van, on whom the payment of rent would have devolved, and whether, such being the case, if a forfeiture was induced before Aspinall was entitled to go into the possession of the premises and save them from forfeiture, the new lease taken by Jones could be set up to defeat the mortgage to the plaintiff. Whether, if there was any fraudulent combination among Morgan, Van and Jones, to produce a forfeiture to the injury of Aspinall, although there was no coöperation in the fraud on the part of the lessors, Jones would not be held a trustee for the benefit of Aspinall, notwithstanding his new lease. If the forfeiture was a fraudulent contrivance to defeat the interest of Aspinall, effected through the agency of Jones, the transaction cannot enure to the benefit of Jones. *Jones* v. *Kearney*, 1 Drury & Warren, 134. As the question involved is one of fraud in fact, whose determination belongs exclusively to the jury, and as the case will be sent back, we abstain from any comments on the evidence, preferring that the facts should be collated and commented on, in the presence of those who are the constitutional triers of their weight and effect. From all the evidence in the record, we do not believe, that the case is of that character which warranted the court below in taking it from the jury.

The other Judges concurring, the case will be remanded (the judgment being reversed) for a new trial.