PATRICK McHALE, Appellant, v. W. F. HEMAN ET AL.,
Respondents.

St. Louis Court of Appeals, December 6, 1887.

1. CONSPIRACY—FRAUD.—One who, by a fraudulent conspiracy with
   a debtor, causes the debtor's property to be withdrawn from the
   claim of creditors, to the latter's loss, is personally responsible for
   the loss.

2. ———— PLEADING.—A petition which shows that the fraudulent
   conspiracy failed, that all the debtor's property was subjected to
   the creditor's execution, and which seeks to recover substantially
   only the costs incurred in subjecting the property to execution,
   states no cause of action.

.APPEAL from the St. Louis Circuit Court, DANIEL.
DILLON, Judge.

*Affirmed.*

W. H. CLOPTON, for the appellant: The petition
in both counts states a good cause of action. *Adams
v. Paige*, 7 Pick. 542; *Kelsey v. Murphy*, 26 Pa. St.
78-82, *et seq.; Aspenwall v. Jones*, 17 Mo. 209-213;
*Penrod v. Morrison*, 2 Pa. R. 126; *Mott v. Danforth*,
6 Watts, 304; *Meredith v. Benning*, 1 Hen. & Munf.
586.

T. J. CORNELIUS, for the respondents: Accord-
ing to the first count Heman took a deed of Ortel's
equity of redemption in the real estate. To foreclose
his deed of trust McHale sued both Heman and Ortel,
and called upon them to defend. They defended. Be-
cause they defended McHale claims damages. Such an
action can not be maintained. *Cook v. Chapman*, 41 N.
J. Eq.. 152; *City v. Gas Light Co.*, 82 Mo. 349-357;
*Keber v. Bank*, 4 Mo. App. 195; *Oelrichs v. Spain*, 15

Wall. 211–230 ; *Bank v. Bank*, 4 Mo. App. 505 ; *Russell v. Farley*, 105 U. S. 433.

Lewis, P. J., delivered the opinion of the court.

The petition is as follows :

"The plaintiff says, that, on the sixteenth day of November, 1876, the defendant, Gustus Ortel, was in-debted to him in the sum of three thousand dollars, for which said indebtedness the said Ortel, on the said day, made, executed, and delivered to him his two promis-sory notes, due and payable in twelve and eighteen months, respectively, after date ; that each of the said notes was for the sum of fifteen hundred dol-lars, and bore interest from their dates at ten per cent. per annum ; that, to secure the payment of the said notes, the said Ortel made his deed of trust and delivered the same to the plaintiff, whereby the said Ortel conveyed to the trustee named therein the follow-ing-described real estate, situate in the city of St. Louis, Missouri, to-wit : Beginning at the southeast corner of Main and Lebeaume streets, running thence southwardly on the east side of Main street 141 feet, 6 and $\frac{1}{2}$ inches ; thence northwardly 113 feet, 10 inches ; thence east-wardly 195 feet, 2 inches ; thence northwardly 25 feet, 5 and $\frac{5}{8}$ inches ; thence westwardly 290 feet, 3 inches, to the place of beginning, in trust as aforesaid, to secure the payment of the said notes.

"The plaintiff says that, at the request of the said Ortel, the plaintiff did not record his said deed of trust ; that the defendant, William Heman, knowing that the said Ortel was indebted to the plaintiff and others, and knowing that the plaintiff was the owner of the said notes and deed of trust, combined and confederated with the defendant, Ortel, to cheat and defraud the plaintiff and the other creditors of the said Gustus Ortel, and, on the thirteenth day of January, 1882, took from the said Ortel a quit-claim deed for the said property for the pre-tended consideration of three thousand dollars, and on

the same day filed the same for record in the recorder's office for St. Louis city.

"The said notes were not paid by the said Ortel, and the plaintiff was compelled to, and did, institute a suit in the circuit court of the city of St. Louis, Missouri, being case No. —— to the ——— term of the said court, to foreclose the said deed of trust and to set aside the said pretended deed to the said William Heman, and to declare the same of no effect. And that, thereafter, the said Ortel, at the instance of the said Heman, and for the purpose of hindering, and delaying, and defrauding the plaintiff, filed a cross-bill in the said suit, alleging that the plaintiff and the defendant, Ortel, were, at the date of the said deed of trust, partners, and for a long time prior thereto had been partners; that there was an unsettled partnership account between the plaintiff and the defendant, Ortel, on account of which the said notes were given, and that the plaintiff was, at the date of the said notes, indebted to Ortel, all of which the defendants knew to be false and untrue, and praying that an account be stated by the court and for judgment against the plaintiff.

"That, thereupon, the said cause was referred, by the court, to a referee, and in the hearing and trial of the said reference and suit to foreclose the said deed of trust, the plaintiff was put to a great expense in the payment of attorneys' fees, and referee's fees, and stenographer's fees, and was required to attend the sittings of the said referee and the hearing before the court for a year and a half, and was denied the use of his said money for the said times; that, afterward, the said referee reported that the said notes were given for a valuable consideration, and were secured by the said deed of trust, and that the plaintiff was not indebted to the said Ortel.

"That thereafter such proceedings were had in the said cause, that the said property was decreed to be sold to pay the said notes, and the same was, under a decree of the said court, sold by the sheriff of St. Louis

city on the fifth day of December, 1885, for $419.95, less than the plaintiff's said judgment and costs.

"The plaintiff says that he was damaged, by reason of the said fraudulent combination and conspiracy, in the sum of one thousand dollars, for which he prays judgment, and for his costs.

"The plaintiff, for a further and separate cause of action, states that, prior to the sixteenth day of November, 1876, he and the defendant, Gustus Ortel, were partners in the city of St. Louis, state of Missouri; that on the said day the plaintiff and the defendant, Gustus Ortel, dissolved partnership; that afterward, by a decree of this court, the defendant, Ortel, was adjudged to be indebted to the plaintiff in the sum of $4,723.72, of which said indebtedness the sum of $3,517.88 was due on the notes mentioned in the first count of this petition, and was secured by a deed of trust on the real estate described in the said first count of this petition. The plaintiff says that, afterward, in an action at law in this court, being case No. 69,387, he obtained judgment on the said finding against the said Ortel in the sum of $1,464.89, with his costs, amounting to ——, which said costs he paid.

"The plaintiff says that the defendant, Heman, knowing that the said Ortel was indebted to the plaintiff and others, combined and confederated with the defendant, Ortel, to cheat and defraud the plaintiff and others, and in furtherance of the said combination and conspiracy, on the thirteenth day of January, 1882, took a quit-claim deed from said Ortel for the property aforesaid, for the pretended consideration of three thousand dollars, and on the same day filed the said deed for record in the recorder's office for the city of St. Louis, Missouri; that, afterwards, the said deed was, in a proceeding brought for the said purpose, set aside and declared void, and the said property sold by the sheriff of St. Louis to satisfy a special execution in favor of the plaintiff and against the said defendants.

"The plaintiff says that, by reason of the said

fraudulent combination and conspiracy, and the unlawful interference therewith by the defendant, Heman, the said real estate did not sell for enough to pay off the plaintiff's claims against the defendant, Ortel.

"The plaintiff says that, at the time of the said fraudulent combination and conspiracy, the said Ortel conveyed all of his property subject to execution, to the said Heman ; that, by reason of the said fraud and conspiracy, the plaintiff has been unable to collect of the defendant, Ortel, the sum recovered by him as aforesaid of the defendant, Ortel, to-wit, the sum of $1,464.89.

"The plaintiff says that, by reason of the premises, he has been damaged in the sum of two thousand dollars, for which, and for his costs, he prays judgment."

The answer was a general denial. When the jury were empaneled, the defendants objected to the introduction of any testimony, on the ground that the petition did not state facts sufficient to constitute a cause of action. The objection was sustained, and the plaintiff took a non-suit, with leave, etc.

The gist of the plaintiff's complaint is, that he has been subjected to loss of time, harassed feelings, and expenses incurred in and by a litigation which was instituted by himself, and in which he was ultimately successful. We do not believe a precedent can be found, in which such an action was sustained.

The principal matter of inducement is, that the defendants, by their conspiracy and wrongful acts, drove the plaintiff to the necessity of suing, in order not to be deprived of his just rights. Every plaintiff who sues on account of a wrong done him by another, does so upon that identical provocation. The defendant has unlawfully withheld or denied his rights, and has thus driven him into the expenses and inconveniences of litigation before the courts as the only available means of redress. If these facts may constitute the basis of an action, then every plaintiff who sues and recovers for a wrong done, may follow up the proceeding with another suit, to compensate him for the trouble and expense of

maintaining the first. He may then begin another action for indemnity on account of the last effort to vindicate his rights, and so on, *ad infinitum.*

The plaintiff refers us to the following cases as sustaining his supposed right of action : *Adams v. Paige,* 7 Pick. 542 ; *Kelsey v. Murphy,* 26 Pa. St. 78 ; *Aspenwall v. Jones,* 17 Mo. 209 ; *Penrod v. Morrison,* 2 Pa. R. 126 ; *Mott v. Danforth,* 6 Watts, 304 ; *Meredith v. Benning,* 1 Hen. & Munf. 585. In all of these cases, the creditor plaintiff, by reason of the complete and effectual alienation of the debtor's property, or of the fund out of which he was entitled to have satisfaction of his claim, was wholly deprived of any access to such property or fund, for the enforcement of his rights ; so that his claim was sacrificed, or rendered valueless, by the conspiracy and wrongs complained of. The present case furnishes no sort of parallel with them. Here, the petition shows that the creditor plaintiff has already, by a successful suit in foreclosure, subjected the entire fund on which he first relied to as full a satisfaction of his demand as it was capable of yielding, in the manner provided for in the trust security accepted by him at the outset. That the sum realized from the foreclosure was less than the amount of the plaintiff's claim, is a fact concerning which nothing is shown to charge the defendants with any responsibility for the deficit. The authorities here referred to by the plaintiff might well have been cited in support of his former action, wherein he defeated the alleged conspiracy to render valueless his trust security, and subjected the property, fraudulently conveyed, to a sale for the benefit of his demand. But they give no sort of countenance to the plaintiff's present attempt. The remarks of Vice-Chancellor Van Fleet, in *Cook v. Chapman* (41 N. J. Eq. 161), are very pertinent in this connection : "Every litigation requires more or less time and trouble. The law makes it the duty of litigants to be diligent and vigilant, but it has never been understood that a successful litigant was entitled, as against his adversary, to compensation

for the time and attention which it was necessary for him to bestow upon the litigation. Time and attention thus bestowed, the law has always regarded as having been given by the litigant to his own business, and that, if he sustained loss in consequence thereof, it must be esteemed *damnum absque injuria*. The common law did not even allow a successful litigant to recover costs."

We are unable to perceive that any right of action appears on the face of the petition, and so affirm the judgment. All the judges concur.